IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 12–cv–00340–MSK–KMT

CARRIE FANCHER (JAYNE),

    Plaintiff,

v.

BANK OF AMERICA, N.A.,

    Defendant.

---

## ORDER

---

This matter is before the court on the "Joint Motion to Amend Case Management Order and for a Stay of Proceedings." (Doc. No. 57, filed Oct. 9, 2012.) For the following reasons, the Motion is GRANTED in part and DENIED in part.

In their Motion, the parties seek to stay this case until ruling on Defendant's Motion to Dismiss (Doc. No. 59, filed Oct. 18, 2012), or, alternatively, for an extension of several of the Scheduling Order deadlines. In support of this relief, the parties appear to agree that there is a substantial question of whether Plaintiff can state a claim for relief in this case. The parties further maintain that this case will likely "involve some degree of laborious discovery[,] which the parties would like to avoid until a ruling on the 12(b)(6) motion and also pending a possible Early Neutral Evaluation by the court." (Mot. at 1-2.)

The court will deny the Motion to the extent that it seeks to stay discovery until ruling on Defendant's Motion to Dismiss. The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, 02–CV–01934–LTB–PA, No. 2006 WL 894955, at *2 (D. Colo. March 30, 2006). Federal Rule of Civil Procedure 26 does, however, provide that

> [a] party or any person from whom discovery is sought may move for a protective order in the court where the action is pending . . . The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .

Fed. R. Civ. P. 26(c)(1).

A motion to stay discovery is an appropriate exercise of this court's discretion. *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Id.* (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).

The underlying principle governing whether to grant or deny a stay is that "[t]he right to proceed in court should not be denied except under the most extreme circumstances." *Commodity Futures Trading Comm'n v. Chilcott Portfolio Mgmt., Inc.*, 713 F.2d 1477, 1484 (10th Cir. 1983) (quoting *Klein v. Adams & Peck*, 436 F.2d 337, 339 (2d Cir. 1971)). In other words, stays of the normal proceedings of a court matter should be the exception rather than the rule. As a result, stays of all discovery are generally disfavored in this District. *Chavez v. Young*

*Am. Ins. Co.*, No. 06–cv–02419–PSF–BNB, 2007 WL 683973, at *2 (D. Colo. Mar. 2, 2007) (citation omitted).

Nevertheless, "a court may decide that in a particular case it would be wise to stay discovery on the merits until [certain challenges] have been resolved." 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2040, at 198 (3d ed. 2010). Courts have routinely recognized that discovery may be inappropriate while issues of immunity or jurisdiction are being resolved. *See, e.g., Siegert v. Gilley*, 500 U.S. 226, 231–32 (1991) (noting that immunity is a threshold issue and discovery should not be allowed while the issue is pending); *Workman v. Jordan*, 958 F.2d 332, 336 (10th Cir. 1992) (same); *Gilbert v. Ferry*, 401 F.3d 411, 415–16 (6th Cir. 2005) (finding stay permissible pending ruling on a dispositive motion asserting a jurisdictional issue); *Democratic Republic of Congo v. FG Hemisphere Assocs., LLC*, 508 F.3d 1062, 1064 (D.C. Cir. 2007) (noting that the reason jurisdictional defenses should be raised at the outset is to avoid unnecessary litigation).

When considering a stay of discovery, this court has considered the following factors: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).

The court acknowledges that Plaintiff joins in the motion to stay and therefore her interest in proceeding expeditiously with this matter does not weigh heavily in the court's

analysis. Nevertheless, the court is not convinced that the burden of proceeding with discovery warrants a stay pending ruling on Defendant's Motion to Dismiss. Notably, the Motion to Dismiss does not argue that the court lacks jurisdiction over Plaintiff's claims or that Defendant is entitled to immunity therefrom—rather it simply moves to dismiss Plaintiff's claims for failure to state a claim, pursuant to Rule 12(b)(6). Granting a stay under these circumstances would suggest that a stay of discovery is appropriate nearly any time a defendant files a motion to dismiss. This result would not only be contrary to the disfavored status of stays in this District, *see Bustos v. United States,* 257 F.R.D. 617, 623 (D. Colo. 2009), but would also make the court's docket thoroughly unpredictable and, hence, unmanageable, *Sanaah v. Howell,* 08-cv-02117–REB–KLM, 2009 WL 980383, at *1 (D. Colo. Apr. 9, 2009).

In addition, the court notes that granting a stay would result in an indefinite extension of the Scheduling Order's dispositive motions deadline. District Judge Marcia S. Krieger's Trial Preparation Order entered in this case on May 24, 2012, provides that "any request to extent the dispositive motion deadline more than 30 days beyond the deadline originally set in the initial Scheduling Order must show <u>exceptional circumstances</u> warranting the extension." (Doc. No. 20 at 2) (emphasis added). Simply put, the possibility of extensive or "laborious" discovery is not unique to this case, and therefore fails to demonstrate the exceptional circumstances necessary to extend indefinitely the dispositive motions deadline.

Finally, neither the interests of non-parties or the public interest in general prompts the court to reach a different result. Indeed, the public interest favors the prompt and efficient

handling of all litigation. *Sanaah*, 2009 WL 980383, at *1. Accordingly, on balance, the court finds that a stay of discovery is unwarranted in this case.

While the court declines to stay discovery, it will grant the parties' alternative request for an extension of the expert disclosure and discovery deadlines. The court notes that the parties have requested an early neutral evaluation and, based on that request, the court has directed the parties to submit confidential position statements to the court on or before October 18, 2012. (Doc. No. 52.) The court finds that the possibility that an early neutral evaluation may foster a resolution of this matter constitutes good cause for the proposed extension of these deadlines.

Therefore, for the foregoing reasons, it is

ORDERED that the "Joint Motion to Amend Case Management Order and for a Stay of Proceedings" (Doc. No. 57) is GRANTED in part and DENIED in part. Specifically, the Motion is GRANTED to the extent that it seeks an extension of the discovery and expert disclosure deadlines, and DENIED to the extent that it seeks to stay discovery until ruling on the Defendant's Motion to Dismiss. The deadline for disclosure of affirmative experts is extended to November 23, 2012, the deadline for disclosure of rebuttal experts is extended to December 23, 2012, and the Discovery Cut-off is extended to February 1, 2013.

Dated this 19th day of October, 2012.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge